IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>$100,000 IN UNITED STATES CURRENCY,<br><br>                    Defendant. | 8:12-CV-223<br><br>ORDER |

      This matter is before the Court on the filing received by the Court from claimant Melanie Sia Vang (filing 39), which the Court understands to be an objection to the Magistrate Judge's findings and recommendation of February 22, 2013 (filing 32). Although the claimant had submitted her claim to the Attorney General, she had not filed anything with the Court in support of her claim, despite being repeatedly ordered to do so. So, the Magistrate Judge recommended dismissing the claim, and the Court adopted that recommendation after no timely objection was made. Filing 34.

      The objection that the Court just received was not filed before the deadline established by this Court's rules and the Federal Rules of Civil Procedure. *See*, NECivR 72.2; Fed. R. Civ. P. 72. In fact, the objection was postmarked March 28, 2013: well after the deadline for objecting, and well after the Court adopted the Magistrate Judge's recommendation. Filing 34.

      In addition, the Magistrate Judge had ordered the claimant to respond to the United States' complaint in an order filed on February 1, 2013. Filing 31. The claimant's objection mailed March 28, 2013 is the first response of any kind that the Court has received. There is nothing in the objection that explains why the Magistrate Judge's findings were wrong. The Magistrate Judge recommended dismissing the claim because the claimant had not responded to the complaint. And the claimant still has not responded to the complaint, or explained why not.

      The claimant's objection also does not explain why she failed to make a timely objection, or why she failed to respond in any way to the Magistrate Judge's other orders. Even if the Court considers the objection as a request for relief under Fed. R. Civ. P. 60(b)(1), asking the Court to reconsider the dismissal of her claim, there is nothing in the objection to show that the

claimant's failure to respond was caused by "mistake, inadvertence, surprise, or excusable neglect[.]"

Finally, the Court also notes that the claimant may not have had statutory standing for the claim in the first place. The claimant says that she loaned Yang Chue Her $55,000, that he has not repaid because he says it was seized. But that would make the claimant an unsecured creditor, and an unsecured creditor is not an "owner" of property under the civil forfeiture statute. *See* 18 U.S.C. § 983(d)(6)(B); *see also*, *e.g.*, *United States v. One Hundred Thirty-Three (133) United States Postal Service Money Orders*, 780 F. Supp. 2d 1084, 1094-98 (D. Haw. 2011); *United States v. $9,250.00 in U.S. Currency*, CIV 09-2468-PHX-MHB, 2010 WL 3168628, at *4 (D. Ariz. Aug 10, 2010); *United States v. Approx. $133,803.53 in U.S. Currency*, 683 F. Supp. 2d 1090, 1094-97 (E.D. Cal. 2010); *United States v. Approx. $44,888.35 in U.S. Currency*, 385 F. Supp. 2d 1057, 1062-63 (E.D. Cal. 2005); *compare United States v. 7725 Unity Ave. North*, 294 F.3d 954, 958 (8th Cir. 2002).

That would mean that even assuming the claimant is telling the truth, she cannot get her money back by bringing a claim in this forfeiture proceeding. Instead, she can do what anyone else would do who made a loan that was not repaid: sue the debtor directly for not repaying the loan.

In any event, however, the claimant's objection is untimely, and does not explain any facts to excuse the untimely objection or failure to respond to other court orders.

IT IS ORDERED that the claimant's objection (filing 39) is overruled.

Dated this 9th day of April, 2013.

BY THE COURT:

_____
John M. Gerrard
United States District Judge

- 2 -